UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VU PHAM,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1678

Hon. Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.     **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.19.)

In an order entered on May 28, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on June 2, 2026, (ECF No. 4), and Petitioner filed his reply on June 3, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of Vietnam who entered the United States as a lawful permanent resident in 1990 as the child of a United States servicemember. (Pet., ECF No. 1, PageID.2; Pham Decl. ¶ 2, ECF No. 1-2, PageID.22.) When Petitioner traveled to the United States, he did so with a United States-issued Travel Document instead of a passport. (Pham Decl. ¶ 5, ECF No. 1-2, PageID.23.) Petitioner states that the Government of Vietnam discriminates against the children of American soldiers and often refuses to recognize them. (*Id.* ¶¶ 5, 9.)

On August 31, 2007, Petitioner was charged with removability related to a 1992 conviction for burglary. (McClure Decl., ¶¶ 5–6, ECF No. 4-1, PageID.72.) An immigration judge entered an order for Petitioner's removal on April 22, 2010, which became administratively final on February 1, 2012. (Pet., ECF No. 1, PageID.2.) ICE released Petitioner from custody on an Order of Supervision on April 18, 2012. (McClure Decl., ¶ 10, ECF No. 4-1, PageID.72.)

On November 24, 2025, ICE agents arrested Petitioner and served Petitioner with a Notice of Revocation of Release. (*Id.* ¶ 11; Notice of Revocation of Release, ECF No. 4-2, PageID.77.)

On December 22, 2025, ICE initiated efforts to obtain travel documents for Petitioner; however, Petitioner was unable to produce a birth certificate because it was destroyed when the North Vietnamese took over the country; Petitioner never possessed a passport. (McClure Decl., ¶ 13, ECF No. 4-1, PageID.72–73; Pham Decl. ¶¶ 3, 13, ECF No. 1-2, PageID.22, 24.) On January 6, 2026, and January 24, 2026, ICE again requested information needed to complete a travel document request from Petitioner, but Petitioner was still unable to provide that information. (McClure Decl., ¶ 14, ECF No. 4-1, PageID.73; Pham Decl. ¶¶ 3, 13, ECF No. 1-2, PageID.22, 24.) On January 31, 2026, ICE then submitted a travel document request to ICE headquarters. (*Id.* ¶ 15.)

2

On May 21, 2026, ICE submitted a complete travel document request for Petitioner to ICE headquarters. (*Id.* ¶ 18, PageID.73–74.) That request to ICE headquarters is pending. (*Id.* ¶ 19, PageID.74.) ICE represents that "[t]he Government of Vietnam regularly issues travel documents to citizens" and that ICE anticipates that removal will occur in the next two to three months. (*Id.* ¶¶ 19, 20.) There is no indication that ICE has communicated with the Government of Vietnam regarding Petitioner.

During Petitioner's time in custody, he was given 90- and 180-day Post-Order Custody Reviews. (*Id.* ¶¶ 17–18, PageID.73.) Each time, ICE recommended that Petitioner remain in custody. (*Id.*)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Merits Discussion

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. In response, Respondents

3

argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).[1]

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final in 2012. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

---

[1] Although Respondents indicate that Petitioner has past criminal convictions, Respondents do not assert that they are currently detaining Petitioner under any mandatory detention provisions due to Petitioner's past criminal convictions.

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

In this case, Petitioner was most recently taken into custody by ICE on November 24, 2025, and as of the filing of his petition on May 26, 2026, had been in custody for more than six consecutive months. Petitioner argues that there is a good reason to believe that no significant likelihood of removal exists because he is an Amerasian child of a United States servicemember, a group systematically subjected to discrimination, including in the issuance of identity documents, and he has neither a birth certificate nor a passport. Under these circumstances, the Court concludes that the fact that the government has been unable to acquire a travel document to effect Petitioner's removal for the past six months, as well as the inability to remove Petitioner in 2012, provides "good reason" to believe that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Because Petitioner has met his burden, Respondents must respond with evidence sufficient to rebut that showing. *Id.*

In response, Respondents assert only that "[t]he Government of Vietnam regularly issues travel documents to citizens" (McClure Decl., ¶ 19, ECF No. 4-1, PageID.74.) However, the record before the Court does not indicate that ICE has communicated with the Government of Vietnam about Petitioner, let alone that the Government of Vietnam recognizes Petitioner or has any intention of issuing him a travel document. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 415 (6th Cir. 2003) (finding no significant likelihood of removal in the reasonably foreseeable future where, although the government explained that Cuba was accepting the return of some previously excluded Cuban nationals, "neither Rosales nor Carballo is currently on a list of persons to be returned."). Indeed, nothing presented to this Court suggests that Respondents are any closer to removing Petitioner than they were in 2012. Under these circumstances, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to

believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.

**V.      Other Claims and Other Forms of Relief**

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**VI.      Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at \*8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at \*8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at \*9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at \*9–10 (W.D. Mich. Dec. 12, 2025). Therefore, the Court will not dismiss the remaining Respondents.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject to any conditions of release that existed prior to Petitioner's present detention. The Court will also order Respondents to file a status

report within five days of the date of this Court's opinion and judgment to certify compliance with

this opinion and the corresponding judgment.


Dated: June 10, 2026                                    /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        CHIEF UNITED STATES DISTRICT JUDGE